IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 7, 2026

## ROSARIO MORA v. ALBERTO MORA

**Appeal from the Chancery Court for Washington County**
**No. 22-DM-0748C     Suzanne Cook, Judge**

_____

**No. E2026-01000-COA-T10B-CV**

_____

This is an accelerated interlocutory appeal as of right filed pursuant to Tennessee Supreme Court Rule 10B. The appellant failed to attach a copy of the order denying his recusal motions to his petition for recusal appeal, and the appeal is hereby dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Appeal Dismissed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Alberto Mora, Limestone, Tennessee, pro se appellant.

Vanessa Samano, Knoxville, Tennessee, for the appellee, Rosario Mora.

## OPINION

### BACKGROUND

This recusal appeal pursuant to Tennessee Supreme Court Rule 10B arises out of an ongoing divorce proceeding pending before the Washington County Chancery Court (the "trial court"). On June 17, 2026, Alberto Mora ("Appellant") filed a motion to recuse the trial court judge ("Judge Cook"). Appellant alleges that Judge Cook conducted a hearing on December 4, 2025, "without adequate notice to [Appellant,]" which resulted in "a lien and an eviction order" requiring Appellant to vacate the parties' marital home. He further claims as follows: "On January 7, 2026, [Appellant] filed requests for hearings to contest the December [hearing] and present his evidence. All of those hearing requests were ignored. [Appellant] was evicted on March 24, 2026 without ever being given a meaningful opportunity to be heard." Appellant also alleges that, during a hearing on June 16, 2026, the trial court "denied [him] a meaningful opportunity to speak[,] . . . accepted a facially

defective Writ of Possession without substantive examination, dismissed [his] pending motions without meaningful analysis, and ratified orders procured through the fraudulent December [hearing]."

On June 29, 2026, Appellant filed a supplemental motion to recuse. In his supplemental motion, Appellant argues that as a result of alleged misconduct by opposing counsel, Judge Cook "was operating on a fraudulent and incomplete record." However, the bulk of his supplemental motion, and his Petition for Recusal Appeal filed with this Court on July 2, 2026 (the "Petition"), focuses on six email communications between Judge Cook's judicial assistant and opposing counsel. Appellant insists that these emails constitute impermissible ex parte communications.[1]

Appellant's Petition states that Judge Cook entered an order denying the motions to recuse on June 30, 2026. However, Appellant failed to attach this purported order to his Petition. Appellant complains that the order "does not address, acknowledge, discuss, or even mention" the purported ex parte communications, which he characterizes as "the most powerful factual basis for recusal in the entire motion." He also avers that the order "characterizes [him] as having 'ongoing credibility issues' and describes his assertions as 'false.'" He argues that this "demonstrates that Judge Cook has formed opinions about [Appellant's] truthfulness that disqualify her from neutrally evaluating his factual allegations of ex parte misconduct." However, without the benefit of a copy of the order denying the recusal motions, this Court is unable to determine the basis upon which Judge Cook denied the motions.

Appellant appeals the denial of his motions to recuse.

<strong>ANALYSIS</strong>

As this Court has explained:

> Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

---

[1] Notably, however, Appellant concedes that he was copied on each of these email communications. *See* Tennessee Supreme Court Rule 10, Rule 2.9(A) (generally prohibiting judges from "initiat[ing], permit[ting], or consider[ing] ex parte communications, or . . . other communications made to the judge outside the presence of the parties or their lawyers" (emphasis added)); *Malmquist v. Malmquist*, 415 S.W.3d 826, 837 (Tenn. Ct. App. 2011) (defining "an ex parte communication as one that 'involves only one party'" (quoting Bryan A. Garner, A Dictionary of Modern Legal Usage 340 (2nd ed.1995))).

The only issue we may consider in a Rule 10B appeal is whether the trial [court] judge should have granted Petitioner's motion to recuse.[2] *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011CV00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary* 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. . . . Tenn. Sup. Ct. R. 10B, § 2.06 also grants this [C]ourt the discretion to decide the appeal without oral argument.

*Anders v. Anders*, No. W2020-00146-COA-T10B-CV, 2020 WL 507979, at *1 (Tenn. Ct. App. Jan. 31, 2020). Rule 10B, section 2.04 grants this Court the discretion to "grant a stay on motion of a party or on the court's own initiative, pending [our] determination of the appeal." Based upon our review of Appellant's Petition, we have determined that an answer, additional briefing, a stay, or oral argument are not necessary, and we elect to act summarily on the appeal in accordance with Rule 10B, sections 2.05 and 2.06.

Rule 10B sets forth clear procedural requirements for petitions for recusal appeal, and this Court's "Rule 10B jurisprudence has emphasized how it 'is imperative that litigants file their petitions for recusal appeal in compliance with the *mandatory requirements* of Rule 10B in the first instance.'" *Blevins v. Green*, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256, at *1 (Tenn. Ct. App. Mar. 8, 2023) (quoting *Rothberg v. Fridrich & Assocs. Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *1 (Tenn. Ct. App. June 17, 2022)). This Court has reiterated that

"'[i]n expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition.'" *Rothberg*, 2022 WL 2188998, at *2 (quoting *Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *1 n.1 (Tenn. Ct. App. Dec. 13, 2019)). "[A]s a result of the accelerated nature of these appeals, 'meticulous compliance' with Rule 10B is required regarding the content of the record provided on appeal." *Id.* (quoting *Johnston* [*v. Johnston*], [No. E2015-00213-COA-T10B-CV,] 2015 WL 739606, at *2 [(Tenn. Ct. App. Feb. 20, 2015)]). To put it simply, "in the context of an

---

[2] In his Petition, Appellant asks this Court to "conduct a de novo review of all orders entered in this proceeding" since the December hearing, set one of his motions for a hearing, and "issue a temporary restraining order prohibiting any sale, transfer, encumbrance, listing, or other disposition of the marital residence[.]" Because the only issue we may consider in a Rule 10B appeal is whether the trial court judge should have granted the underlying motions to recuse, we cannot consider these additional requests.

accelerated interlocutory appeal under Rule 10B, we cannot physically see something that is not provided in connection with the initiating petition." *Id.* The fact that filings may exist in a trial court's record "does not enable us to review them in connection with the appeal if they are not provided to us." *Id.* at *2 n.3.

*Blevins*, 2023 WL 2398256, at *1. Crucially, Rule 10B requires that a petition for recusal appeal "be accompanied by . . . a copy of the trial court's order or opinion ruling on the motion[.]" Tenn. Sup. Ct. R. 10B, § 2.03. Because Appellant has not provided this Court with a copy of the order denying his motions to recuse, we are unable to conduct a meaningful review of this ruling. Thus, we are unable to determine whether the trial court erred in denying Appellant's motions to recuse.

We acknowledge that Appellant is not represented by counsel on appeal. "Although 'pro se litigants have no legal training and little familiarity with the judicial system,'" they still must "comply [] with the same substantive and procedural rules that represented parties are expected to observe." *Judzewitsch v. Judzewitsch*, No. E2022-00475-COA-T10B-CV, 2022 WL 1279790, at *2 (Tenn. Ct. App. Apr. 29, 2022) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

Because we are unable to conduct a meaningful review of the trial court's order due to Appellant's failure to attach it to his Petition, we hereby dismiss the appeal.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed. The motion for a stay pending appeal is denied as moot. The costs of this appeal are taxed to the appellant, Alberto Mora, for which execution may issue if necessary. This case is remanded for further proceedings consistent with this opinion.

_____
KRISTI M. DAVIS, JUDGE